IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAVADO AUDRIC THOMPSON,
    Plaintiff,

vs.                                                     Case No. 3:11cv423/RV/CJK

MICHAEL D. CREWS,[1] et al.,
    Defendant.

_____

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a third amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 12). The Court has reviewed the complaint and concludes that this case should be dismissed because plaintiff's damages claims are barred by statute.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is currently confined at the Okaloosa Correctional Institution ("Okaloosa CI"). Plaintiff was an inmate of the Santa Rosa Correctional Institution ("Santa Rosa CI") during the events stated in the complaint. (Doc. 12). Plaintiff's third amended complaint names two defendants: Nurse M. Nichols and Doctor W.D. Rummel. (Doc. 12, p. 2). Plaintiff alleges that while housed at Santa Rosa CI, Nurse

---

[1] Michael D. Crews succeeded Kenneth S. Tucker as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. FED. R. CIV. P. 25(d).

Nichols refused to treat his medical conditions – high blood sugar, fainting, headaches, cold sweats, dizziness, weakness, left arm numbness, weight loss, and other symptoms – by altering his diet. (Doc. 12, p. 5). Plaintiff further claims that Nurse Nichols refused to see him, even after he was referred to Nurse Nichols for care. (Doc. 12, p. 6). Plaintiff also contends that Dr. Rummel, in his supervisory role, was responsible for determining the proper course of treatment for plaintiff and correcting Nurse Nichols deliberate indifference towards plaintiff's medical conditions. (Doc. 12, p. 7). Plaintiff posits that Dr. Rummel was aware of Nurse Nichols' indifference because of the numerous grievances plaintiff filed, and therefore, Dr. Rummel should have taken steps to correct the abuse. (Doc. 12, p. 8). As relief, plaintiff requests "$120,000 for pain and suffering and emotional distress." (Doc. 12, p. 9).

## DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the Court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not

state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

Taking the allegations of plaintiff's third amended complaint as true and construing them in the light most favorable to plaintiff, it is apparent from the face of the complaint that any possible claim for injunctive relief is moot. *See, e.g., Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief against head of prison); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred); *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers).

It is also apparent from the face of the complaint that plaintiff's damages claims are barred by 42 U.S.C. § 1997e(e). The Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

"[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition. Plaintiff was an inmate of the Santa Rosa Correctional Institution at the time he filed this action. (Doc. 1). The harm of which plaintiff complains occurred while plaintiff was in custody. (Doc. 12). Plaintiff's damages claims, which specifically request compensatory damages for pain and suffering, cannot be liberally construed as requesting nominal damages, and are based on the emotional distress plaintiff suffered as a result of the alleged inhumane conditions of confinement, and/or the fact of the conditions themselves (divorced from any mental or emotional injury they caused). Plaintiff's allegation of an improper diet, resulting in high blood sugar, fainting, headaches, cold sweats, dizziness, weakness, left arm numbness, weight loss, and other symptoms, is insufficient to establish that plaintiff suffered more than a *de minimis* physical injury arising from defendants' conduct. Plaintiff was put on notice that this allegation was insufficient, and afforded the opportunity to develop his allegations in this regard. (*See* Doc. 11). As plaintiff's damages claims are barred as a matter of law, this suit should be dismissed. *See Harris v. Garner*, 190 F.3d 1279, 1286 (11th. Cir. 1999) ("*Harris I*") (holding that plaintiff's allegation of a forced "dry shave," without more, was insufficient to meet § 1997e(e)'s physical injury requirement) (*citing Shabazz v. Barnauskas*, 790 F.2d 1536, 1538 (11th Cir. 1986) (dismissing Eighth Amendment cruel and unusual punishment claim because allegation of a forced shave was *de minimis*, even though the shaving caused "bleeding, inflammation, irritation, ingrowing of hairs, infection, purulence and pain))), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059

(11th Cir. 1999), *opinion reinstated in relevant part*, 216 F.3d 970 (11th Cir. 2000) ("*Harris II*"); *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury). *See also, e.g., Linehan v. Crosby*, No. 4:06-cv-00225-MP-WCS, 2008 WL 3889604, at *13 (N.D. Fla. Aug. 20, 2008) ("[W]eight loss is not sufficient injury to satisfy the injury requirement of 42 § U.S.C. 1997e(e)." (*citing Shaheed-Muhammad v.Dipaolo*, 138 F. Supp. 2d 99, 110 n. 31 (D. Mass. 2001) ("[F]atigue, weight loss, and one episode of fainting that resulted in a minor head injury," are insufficient to satisfy the physical injury component of section 1997e(e)); *Porter v. Coombe*, No. 97 Civ. 2394(KTD), 1999 WL 587896, at *3 (S.D.N.Y. Aug. 4, 1999) (weight loss of 25 pounds does not demonstrate sufficient injury under section 1997e(e)); *Plasencia v. Cal.*, 29 F. Supp. 2d 1145, 1152 (C.D. Cal. 1998) ("[W]eight loss is insufficient to constitute a prior physical injury under [42 U.S.C. § 1997e(e)].")))·

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 8th day of February, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).